Requestor: Marianne O. Mizel, Esq., Corporation Counsel City of Kingston 185 Clinton Avenue Kingston, New York 12401
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a member of the city common council may vote on matters relating to the department of public works where her son serves as the head of that department.
The governing body of each local government, including cities, is required to adopt a code of ethics setting forth the standards of conduct reasonably expected of its officers and employees. General Municipal Law § 806(1). The code of ethics is required to provide standards for officers and employees with respect to disclosure of interests in legislation before the local governing body and generally is to include other standards relating to the conduct of officers and employees of the municipality. Ibid. You should examine the city's code of ethics to determine whether there are any regulations applicable to the circumstances you have presented.
In opinions of this office, we have emphasized that public officers must exercise their official duties solely in the public interest. 1986 Op Atty Gen (Inf) 101. Public officers should avoid circumstances which compromise their ability to make impartial judgments. In addition to avoiding specific conflicts, even the appearance of impropriety must be avoided in order to maintain public confidence in government.
In prior opinions of this office, we have concluded that local legislators must recuse themselves from participating in matters affecting the compensation, employment and other terms and conditions of employment of his or her spouse or sibling. 1988 Op Atty Gen (Inf) 80; 1986 Op Atty Gen (Inf) 101; 1985 Op Atty Gen (Inf) 89. On the other hand, we have found that these legislators may vote on other governmental matters. Unlike determinations affecting the salary and conditions of employment of her son, the member of the city council would not have a personal interest in other governmental matters affecting the department of public works.
We conclude that a member of the city council must recuse herself from participating in a matter concerning the salary and terms and conditions of employment of her son who serves as the head of the department of public works.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.